## Francis *vs.* Francis.

APPEAL FROM MADISON CIRCUIT.

1. In a suit by ordinary petition, on an account for goods, wares, and merchandize sold and delivered, an answer by the defendant denying " that he is, to the best of his knowledge and belief, indebted to the plaintiff as stated in his petition," is an insufficient answer. (*Code of Prac. sec.* 125, *sub-secs.* 2, 3; 16 *B. Monroe,* 335.)

2. Where there is not sufficient answer to a petition to recover the amount of an account for goods, wares, and merchandize sold and delivered, the court may properly render judgment for the amount of the account, without the intervention of a jury. (15 *B. Monroe,* 630.)

3. When there is no answer to a petition to recover money on contract, the court may properly hear proof, if necessary, and assess the damages, and give interest on an account by way of damages from the institution of the suit, without proof. (*Code of Prac. sec.* 409.)

[The facts of the case are stated in the opinion of the court.—REP ]

*S. Turner* for appellant—

The appellee brought his suit on the 5th September, 1856, for the recovery of $173 90, alledged to be due on account for goods, wares, and merchandize sold and delivered, referring to the account filed for particulars. The account was not filed until the 23d September, 1856, and is only for the sum of $172 05. On the 25th September, 1856, the defendant filed his answer in court, in which he denies that he is, to the best of his knowledge and belief, indebted to the plaintiff as stated in his petition, to which he made oath, stating in the affidavit that the answer is true to the best of *his knowledge, information, and belief.* The answer was demurred to, and the demurrer sustained, and no further answer being made the court rendered judgment for $193 90, with running interest from the 5th September, 1856, and costs. The defendant excepted, and has brought the case to this court for revision.

A reversal is asked on the following grounds—

1. The answer of the appellant was sufficient, either by the common law or under the Code of Practice, the 105 *sec.* of which requires " a denial of each allegation of the petition controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. The 142 *sec.* requires that every pleading be subscribed by the party or his attorney, and verified by the affidavit of the party, to the effect that he believes the statements thereof to be true; all which, it is insisted, has been more than complied with in this case. The case of *Clarke vs Finnell,* 16 *B. Monroe,* 335, is a case sustaining the appellant in this case.

2. The court erred in rendering judgment without a jury. The *Code of Practice, section* 342, declares that "issues of fact, arising by ordinary proceeding, ' for the recovery of money or specific real or person- ' al property, shall be tried by a jury unless a jury ' trial is waived. By *sec.* 361, "the trial by jury may ' be waived by the parties, in actions arising on con- ' tract, and, with the assent of the court, in other ac- ' tions: 1. By failing to appear. 2. By a written ' consent in person or by attorney. 3. By oral con- ' sent in court, entered of record." In this case there was no waiver in either of the modes pointed out; but on the contrary, the appellant objected to all that was done by the court.

3. The judgment is for two great a sum, more than the account filed, and was rendered without proof.

4. It was erroneous to render judgment for running interest on an account—it is not authorized by law until judgment. The appearance of the defendant in court, and his objections to the acts of the court authorizes him to rely upon these objections in this court.

*Richard Runyan* and *C. F. Burnam* for appellee—

The judgment is right. The statements of the answer constitute no defense. It does not, as required by the *Code of Practice, chapter* 4, *page* 34, deny the

allegation of indebtedness in the petition and bill of particulars alledged, or even state that he has no knowledge or information on which to found a belief that the petition is untrue. It is a mere evasion. He should have responded, and said whether he received the goods; whether the prices charged were right. If he had received the goods, and the prices were the true prices, and he had paid for them, or if he had any other defense, counter-claim, or set-off, he should have pleaded it, and stated what he relied upon to defeat the plaintiffs recovery.

The answer of the defendant being adjudged insufficient, it surely was not necessary to call a jury; all the allegations of plaintiffs petition stood undisputed; it stated specifically what was claimed; it was a case upon contract; the court had full power to render judgment for the amount claimed. [*Lambert vs Ingrams admr.*, 15 *B. Monroe*, 270, *Harris vs Ray, Ib.* 630.

Judge DUVALL delivered the opinion of the court.

June 8, 1857

This was an action by the appellee against the appellant, to recover the sum of $173 90, "for goods and merchandize sold and delivered by the plaintiff to the defendant." The account is referred to, and filed with the petition.

The answer of the defendant is as follows: "The defendant, Lewis E. Francis, denies that he is, to the best of his knowledge and belief, indebted to the plaintiff as stated in his petition." A demurrer to this answer was sustained, and the defendant failing to answer further, judgment was rendered against him for the amount claimed to be due, with interest from the time of filing the petition. The defendant, by this appeal, seeks to reverse the judgment upon the following grounds:

1. That the demurrer to the answer was improperly sustained.

2. That the court had no authority to render judgment without the intervention of a jury.

FRANCIS
*vs.*
FRANCIS.

3. That no proof was offered to sustain the demand.

4. That the judgment for interest was erroneous.

5. That the judgment was for too much.

1. Under the rule prescribed by the 125*th section of the Code, sub-sections* 2, 3, the answer in this case is clearly defective. It contains neither a denial of the allegations of the petition, or of any knowledge or information thereof, sufficient to form a belief, nor does it set forth new matter constituting a defense. The plaintiff's allegation implies something more than the general charge of the indebtedness of the defendant. Its import is, that the plaintiff sold and delivered to him each of the articles of merchandize enumerated in the account filed, at the times and for prices therein stated. The answer controverts neither the sale, nor the delivery, nor the value of the goods, but simply denies that he is *indebted*, as stated in the petition. Every item in the account might be correct, except a single one of inconsiderable value, and yet the answer in its present from, would be literally true. If this practice were tolerated, the plaintiff might, in all similar cases, be put to the trouble and expense of proving that which the defendant would not, and could not, upon his oath, deny: Such generality and vagueness of pleading is opposed to all the provisions of the Civil Code regulating the subject. [*Clarke vs Finnell* 16 *B. Monroe*, 335.]

*1. In a suit by ordinary petition, on an account for goods, wares, and merchandize sold delivered, an answer by the defendant denying "that he is, to the best of his knowledge and belief, indebted to the plaintiff as stated in his petition," is an insufficient answer. (Code of Prac. 125, sub-secs. 2, 3; 16 B. Monroe, 335.*

2 & 3. The Civil Code, *section* 153, as expounded by this court in the case of *Harris vs Ray*. 15 *B. Monroe*, 630, is a sufficient answer to the second and third grounds of objection to the judgment. In the case before us, as in that, a specific sum is alledged to be due and owing from the defendant. This is not controverted. The intervention of a jury, and proof of the plaintiff's demand, are therefore unnecessary. The fact that the defendant appeared to the action does not at all affect the principle. It is his failure to answer, which, under the provisions of the

*2. Where there is not sufficient answer to a petition to recover the amount of an account for goods, wares, and merchandize sold and delivered, the court may properly render judgment for the amount of the account, without the intervention of a*

Code (*sections* 153, 409,) authorizes the court to render judgment.

4. The 409*th section* confers upon the court the power, not only to render judgment upon failure to answer, but even to assess the damages in actions founded upon contracts, and for this purpose may hear proof where proof is necessary. The judgment for interest from the time the suit was instituted was therefore proper, even if regarded as an assessment of damages to that extent, and no proof was necessary, because the fact on which the judgment is founded, was averred in the petition and not denied.

5. Conceding, as we do, that the judgment should properly have been rendered for the amount shown to be due by the account, and not for that stated in the body of the petition, the difference is too inconsiderable to justify this court in reversing it upon that ground alone.

Judgment affirmed.